**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMIDA RUELAS; DE'ANDRE EUGENE COX; BERT DAVIS; KATRISH JONES; JOSEPH MEBRAHTU; DAHRYL LAMONT REYNOLDS; MONICA MASON; LUIS NUNEZ-ROMERO; SCOTT ABBEY, | No.21-16528 D.C. No. 4:19-cv-07637-JST |
| *Plaintiffs-Appellees*, | |
| v. | OPINION |
| COUNTY OF ALAMEDA; GREGORY J. AHERN; ARAMARK CORRECTIONAL SERVICES, LLC, | |
| *Defendants-Appellants*. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted October 17, 2022
Submission Withdrawn November 1, 2022
Resubmitted June 11, 2024
San Francisco, California

Filed July 26, 2024

Before:  Sidney R. Thomas and Milan D. Smith, Jr., Circuit
Judges, and George H. Wu,[*] District Judge.

Opinion by Judge Sidney R. Thomas

## SUMMARY[**]

### Detainees/Minimum Wage

The panel reversed the district court's order denying
defendants' motion to dismiss claims brought by a putative
class of non-convicted individuals who work or worked
without pay for a private company, Aramark Correctional
Services, LLC ("Aramark"), while detained in Alameda
County's Santa Rita Jail.

Plaintiffs filed suit against Aramark, Alameda County,
and Sheriff Gregory J. Ahern, alleging, among other things,
that they were entitled to minimum wage and overtime pay
under California's Labor Code.

In response to the panel's certified question asking
whether plaintiffs have a claim for minimum wage and
overtime, the California Supreme Court responded that
under the law as it currently stands non-convicted

---

[*] The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

incarcerated individuals performing services in county jails for a for-profit company to supply meals within the county jails and related custody facilities do not have a claim for minimum wages and overtime under Section 1194 of the California Labor Code, even in the absence of a local ordinance prescribing or prohibiting the payment of wages for these individuals.

The panel held that the California Supreme Court's response made clear that plaintiffs' minimum wage and overtime claims failed. The California Supreme Court concluded that section 4019.3 of the California Penal Code, which permits counties to compensate prisoners for work done in county jail at rates far below minimum wage, applies broadly to all county inmates, including pretrial detainees, working in the county jail. Further, the California Supreme Court clarified that application of the statute does not turn on the identity of the employer and, therefore, applies to work performed for a private company like Aramark.

## COUNSEL

Dan Siegel (argued) and EmilyRose Johns, Siegel Yee Brunner & Mehta, Oakland, California, for Plaintiffs-Appellees.

Kevin King (argued) and Eric C. Bosset, Covington & Burling LLP, Washington, D.C.; Isaac D. Chaput and Cortlin H. Lannin, Covington & Burling LLP, San Francisco, California; Adam Z. Margulies, Covington & Burling LLP, New York, New York; Adam W. Hofmann (argued), Paul B. Mello, Gilbert J. Tsai, Gary A. Watt, and Samantha D. Wolff Hanson Bridgett LLP, San Francisco,

California; Winston K. Hu, Winston & Strawn LLP, Los Angeles, California; for Defendants-Appellants.

Jennifer B. Henning, California State Association of Counties, Sacramento, California; for Amicus Curiae California State Association of Counties and California State Sheriff's Association.

## OPINION

S.R. THOMAS, Circuit Judge:

Plaintiffs represent a putative class of non-convicted individuals who work or worked without pay for a private company, Aramark Correctional Services, LLC ("Aramark"), while detained in Alameda County's Santa Rita Jail. Plaintiffs filed suit against Defendants Aramark, Alameda County, and Sheriff Gregory J. Ahern (collectively, "Defendants") alleging, among other things, that they were entitled to minimum wage and overtime pay under California's Labor Code. Defendants appealed the district court's interlocutory order holding that Plaintiffs were covered by the Labor Code and allowing Plaintiffs' minimum wage and overtime claims to proceed.

We certified the question of whether Plaintiffs have a claim for minimum wage and overtime to the California Supreme Court, *Ruelas v. Cnty. of Alameda*, 51 F.4th 1187, 1188 (9th Cir. 2022), and deferred submission of this appeal. The California Supreme Court accepted our certification request and answered our question, instructing that Plaintiffs do not have a claim, *Ruelas v. Cnty. of Alameda*, 546 P.3d 556, 563 (Cal. 2024). We now reverse the district court's order as to Plaintiffs' minimum wage and overtime claims.

This interlocutory appeal concerns the interplay between California's Labor Code, California's Penal Code, and California's Prison Labor Initiative of 1990 ("Proposition 139"), as they apply to work performed by pretrial and immigration detainees in county jail.  Both sides agree that, under current law, work performed by inmates post-conviction is not covered by the Labor Code.  Similarly, both sides agree that labor performed pursuant to California's "public works" statutes is exempt from the state's minimum wage and overtime requirements.  *See* Cal. Penal Code §§ 4017–4018.  The parties' disagreement concerns work that is performed (1) *by* individuals who have not been convicted of a crime and (2) *for* a private company, rather than the county.

We recounted the factual background of this case in our prior order.  *Ruelas*, 51 F.4th at 1189; *see also Ruelas*, 546 P.3d at 557–58.  For convenience, we repeat the relevant facts here.

Plaintiffs filed their operative amended complaint in July 2020.  The complaint asserted nine causes of action, including claims for minimum wage and overtime compensation.  Defendants moved to dismiss all claims and argued that Plaintiffs' claims to compensation were governed by the California Penal Code, rather than the Labor Code.  *See* Cal. Penal Code § 4019.3.  The district court granted the motion to dismiss in part, but denied the motion as to Plaintiffs' minimum-wage claims against Defendants and overtime claims against Aramark.[1]  The district court

---

[1] The district court dismissed Plaintiffs' claim for overtime against the County Defendants "because state entities are exempt from state overtime laws."  Our discussion of Plaintiffs' overtime claims concerns

based its decision on the conclusion that "[t]he Penal Code . . . does not give any guidance regarding the wages owed to non-convicted detainees working for a private company in a county jail" and, therefore, "cannot be read to preclude this population from the protections of the Labor Code."

In a concurrently filed order, the district court also granted Defendants' request to file an interlocutory appeal regarding the applicability of California's Labor Code to work performed by non-convicted county inmates for a for-profit company. We granted Defendants' timely petition to appeal on September 6, 2021.

On appeal, Plaintiffs argued that no law expressly excludes jail detainees from the protections of California's Labor Code, which means the state's minimum wage and overtime provisions presumptively apply.  *See* Cal. Labor Code § 510; Cal. Labor Code § 1182.12; *Alvarado v. Dart Container Corp. of Cal.*, 411 P.3d 528, 539 (Cal. 2018) ("The state's labor laws are to be liberally construed in favor of worker protection").  Defendants disagreed, and argued that section 4019.3 of the Penal Code applies to all county detainees regardless of whether they have been convicted. This statute permits counties to compensate "prisoner[s]" for work done "in . . . county jail" at rates far below minimum wage.  Cal. Penal Code § 4019.3.  The parties also disagreed about the impact of Proposition 139, which authorizes public-private labor programs in state prisons, and requires private companies to pay inmates wages that are "comparable to" those paid to non-inmate employees.  Cal.

---

only those claims against Aramark that the district court allowed to proceed.

Penal Code § 2717.8; *see generally* Cal. Penal Code §§ 2717.1–2717.9.

After oral argument, we certified the following question to the California Supreme Court:

> Do non-convicted incarcerated individuals performing services in county jails for a for-profit company to supply meals within the county jails and related custody facilities have a claim for minimum wages and overtime under Section 1194 of the California Labor Code in the absence of any local ordinance prescribing or prohibiting the payment of wages for these individuals?

*Ruelas*, 51 F.4th at 1188. On January 11, 2023, the California Supreme Court agreed to answer the certified question. *Ruelas*, 546 P.3d at 558. On April 22, 2024, the California Supreme Court responded that:

> Under the law as it currently stands . . . nonconvicted incarcerated individuals performing services in county jails for a for-profit company to supply meals within the county jails and related custody facilities do not have a claim for minimum wages and overtime under Section 1194 of the California Labor Code, even in the absence of a local ordinance prescribing or prohibiting the payment of wages for these individuals.

*Id*. at 563.

Looking to the text of the statute, the California Supreme Court concluded that "section 4019.3 applies broadly to all county inmates, including pretrial detainees, working in the county jail." *Id*. at 558. Further, the California Supreme Court clarified that application of the statute "does not turn on the identity of the employer" and therefore applies to work performed for a private company like Aramark. *Id*. at 561. "Rather, [the application of section 4019.3] depends on *who* performs the work ('prisoners confined in or committed to a county jail') and *where* the work is performed ('in such county jail')." *Id*. (cleaned up).

The California Supreme Court's response makes clear that Plaintiffs' minimum wage and overtime claims fail and the district court should have granted Defendants' motion to dismiss both of those claims. We reverse the district court's order denying the motion to dismiss Plaintiffs' claims arising under section 1194 of the California Labor Code. Each side shall bear their own costs on appeal.

**REVERSED.**